IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLASSIC BUSINESS GROUP, a New York Limited Liability Company, dba, OMNI MOTOR,<br><br>    Plaintiff,<br><br> v.<br><br>DAVID LAWRENCE PREIM, an individual,<br><br>    Defendant. | No. 3:17-cv-01710-SI<br><br><br><br><br><br>ORDER |

HERNANDEZ, District Judge:

  Plaintiff Classic Business Group, LLC brings this diversity action[1] against Defendant

---

 [1] Plaintiff alleges that it is a citizen of New York and that Defendant is a citizen of Oregon. Compl. ¶¶ 3, 4. Plaintiff alleges its citizenship based on its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1); Compl. ¶ 3. However, because Plaintiff is a limited liability company, it is required to establish citizenship for diversity purposes with the citizenship of each of its members, not its place of incorporation or its principal place of business. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state of which its owners/members/partners are citizens."). I assume for the purposes of this Order that Plaintiff is a citizen of New York. Plaintiff is directed to promptly file the appropriate Disclosure pursuant to Local Rule 7.1.

1 - ORDER

David Lawrence Preim, alleging that Defendant has breached the parties' contract and converted funds belonging to Plaintiff. Compl. ¶¶ 3-43, ECF 1. Plaintiff alleges that the parties entered into a written agreement in June 2017 in which Plaintiff would identify vehicles it wished Defendant to purchase, Defendant would then purchase the vehicle with money provided by Plaintiff, and then once the vehicle was titled in Defendant's name, Defendant would sign the title over to Plaintiff. *Id.* ¶¶ 5-8. Defendant was paid a fee for each vehicle with the amount depending on the type of vehicle purchased and the purchase structure. *Id.* ¶ 8. In the event the vehicle purchase became impossible, Defendant was to return the funds to Plaintiff. *Id.* ¶ 9. Defendant agreed that Plaintiff was to provide all the funds to purchase the vehicles and that the funds were to be used solely to purchase and transfer the vehicles. *Id.* ¶ 10.

      Plaintiff further alleges that about the time the parties entered into this agreement, Defendant agreed to purchase a particular 2017 Range Rover on Plaintiff's behalf from Desert European Motorcars. *Id.* ¶ 12. Plaintiff wrote a cashier's check drawn on its account in the amount of $105,570, paid to the order of Desert European Motorcars. *Id.* ¶ 31.[2] Such funds were paid as intended. *Id.* However, Defendant was unable to purchase the vehicle on behalf of Plaintiff's. *Id.* ¶ 14. Defendant obtained a refund of the $105,570 from Desert European Motorcars but has failed to return the money to Plaintiff. *Id.* ¶¶ 15, 16. Plaintiff alleges that Defendant has failed to respond to Plaintiff's "at least five" efforts to communicate with Defendant by telephone and written demand for the funds. *Id.* He has avoided contact with

---

    [2] In its Memorandum in Support of the Motion, Plaintiff recites slightly different facts regarding the purchase. There, Plaintiff alleges that on September 28, 2017, Plaintiff transferred $105,570 to Defendant to facilitate the purchase of the vehicle and that Defendant then converted those funds into a cashier's check. Pl.'s Mem. at 2, ECF 3.

2 - ORDER

Plaintiff and refused to return the funds. *Id.* ¶ 17. Based on these facts, Plaintiff brings claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and constructive trust. Plaintiff seeks damages in the amount of $105,570 on the first three claims and on the fifth claim. Compl. § III. On the conversion claim, Plaintiff seeks an order directing Defendant, or any other person in possession of the funds, to return them to Plaintiff. *Id.*

## STANDARDS

The standard for a temporary restraining order (TRO) is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co, v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO).

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*Am. Trucking Ass'ns Inc. v. City of L. A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)).

## DISCUSSION

For the purposes of this Order, I assume Plaintiff is likely to succeed on the merits on at least one of its claims. The parties' agreement contemplates that the "Purchaser," meaning Defendant here, is obligated to promptly return all funds related to the purchase and transfer of a

3 - ORDER

vehicle to Plaintiff should the Purchaser fail to acquire the Vehicle. Compl., Ex. 1, ECF 1-1. At the very least, Defendant's continued failure to return the $105,570 "promptly" upon learning that the Range Rover could not be purchased appears to violate the parties' agreement.

However, ordinarily, monetary harm does not constitute irreparable harm. *E.g., Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation") (citing *Sampson v. Murray*, 415 U.S. 61, 90, 94 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (internal quotation marks omitted)); *see also Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("Purely monetary injuries are not normally considered irreparable.") (internal quotation marks omitted).

Plaintiff's alleged economic harm (the failure to receive $105,570 allegedly owed it), is not irreparable. Moreover, even though a "district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment," *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994), Plaintiff has not sufficiently alleged facts supporting such relief in this case. As the Ninth Circuit noted, its holding is "restricted to only *extraordinary* cases in which equitable relief is not sought." *Id.* Plaintiff argues that Defendant's failure to return phone calls and cutting off of communication establishes Defendant's bad intent to take the funds and not return them. But, Plaintiff offers no evidence to support this inference. There is no evidence of a bankruptcy, the value of Defendant's assets, or any history of Defendant

4 - ORDER

secreting assets. Plaintiff offers no explanation of why it could not recover the damages it asserts are owed with other funds or property of Defendant. Without such facts, Plaintiff does not meet its burden of demonstrating that this case falls into the "extraordinary" category as required in *In re Estate of Ferdinand Marcos*.

As to the balance of hardships, Plaintiff concedes that freezing the funds will work a hardship on Defendant. But, Plaintiff asserts that because the funds do not and have never belonged to Defendant, they should be "held in place" during the lawsuit. Pl.'s Mem. at 5. I find this factor favors Defendant. As Plaintiff notes, Defendant would be burdened by the requested injunctive relief. Plaintiff's justification for why the hardships balance in its favor, or are neutral, is a restatement of its argument that the funds should be frozen during the litigation. For the reasons explained in the previous paragraph, while Plaintiff's legal theory may be viable and Plaintiff may succeed on the merits, Plaintiff fails to establish that it will suffer irreparable harm without injunctive relief.

As to the public interest, "[w]hen the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the preliminary injunction analysis." *Stormans v. Selecky*, 586 F.3d 1109, 1138-39 (9th Cir. 2009) (internal quotation marks omitted). If the impact reaches beyond the parties, potentially affecting the public, the public interest is relevant to the analysis. *Id.* Here, Plaintiff seeks an order directed not only to Defendant but also to Banner Bank and any other bank or financial institution with which Defendant has deposited all or any part of the $105,570. Pl.'s Mot. at 2, ECF 2. But, "Rule 65(d) does not empower the Court to enjoin a nonparty[.]" *Swanberg v. Tro*, No. 3:14-cv-00882-HZ, 2016 WL 406342, at *3 (D. Or. Jan. 31, 2016). Thus, the proposed

injunctive relief is broader than contemplated by the rule. If the requested relief is limited to restraining Defendant's conduct, it is narrow because it is limited to the $105,570 paid by Plaintiff and does not involve the public. Thus, so limited, the public interest is a non-factor.

Two other points must be mentioned. First, a TRO may issue only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). While the Court has discretion as to the amount of security, if any, that should be required, *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009), Plaintiff fails to address the security issue at all.

Second, Plaintiff states that Defendant agreed that preliminary injunctive relief would be appropriate in the event of a breach. Compl. ¶ 11; *see also* Compl. Ex. 1 at 3. The provision at issue states:

> Purchaser acknowledges that breach of the Agreement will cause Company to suffer irrevocable damage, including, but not limited to lost future earnings and profits and harm to its reputation and goodwill within the community. The Parties further agree that it would be difficult to measure damages caused by Purchaser's breach of the Agreement with any degree of certainty, and that in any event, money damages would likely not serve an adequate remedy for such breach. Accordingly, Purchaser agrees that in addition to any relief to which Company may be entitled, Company is hereby entitled to seek and obtain preliminary injunctive relief from a court of competent jurisdiction.

Compl, Ex. 3 at 3.

The contract language does not justify the imposition of a TRO. The issues here are not lost future earnings and profits or harm to reputation and goodwill. The damages sought are able to be measured with precision because only a discrete amount is at stake and thus, there are no damages that "would be difficult to measure[.]" Finally, Plaintiff fails to show why money damages would not be adequate. In fact, money damages are exactly what Plaintiff seeks.

CONCLUSION

Plaintiff's motion for a temporary restraining order [2] is denied.

IT IS SO ORDERED.

Dated this 31 day of October, 2017

*Marco A. Hernandez*
Marco A. Hernandez
United States District Judge