Defendant Pro Se

David Preim
25660 Kimberly Drive
West Linn, Oregon 97068-4576
Telephone: (503) 387-5201

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLASSIC BUSINESS GROUP, a New York limited liability company, dba OMNI MOTOR, | Civil Action No. 3:17-cv-01710-SI |
| Plaintiff, | MEMORANDUM OF DEFENDANT'S RESPONSE AND OBJECTIONS TO |
| vs. | PLAINTIFF'S AMENDED MOTION FOR A PRELIMINARY |
| DAVID LAWRENCE PREIM, | INJUNCTION, AND MEMORANDUM IN SUPPORT OF DEFENDANT'S |
| Defendant. | MOTION TO DISMISS |

**Memorandum of Opposition to Plaintiff's Amended Motion for Preliminary Injunction, and**

**Memorandum in Support of Defendant's Motion to Dismiss**

Defendant David Lawrence Preim, appearing pro se herein, hereby objects and responds to the Plaintiff's Amended Motion for a Preliminary Injunction, and further hereby moves to dismiss the Complaint filed herein by Plaintiff, under the doctrine of *forum non conveniens*. In support thereof, defendant submits this memorandum.

**INTRODUCTION**

In bringing suit in this Court for breach of an agreement, plaintiff ignores the primary reason that this court is an improper forum, which in turn mandates dismissal of the complaint.

Plaintiff's agreement (the "Agreement" contains a provision (the "Forum-Selection Clause") that requires that this case may only be heard by the State or Federal courts of the State of New York. That

**Page -1- Defendant's Response and Objections to Plaintiff's Motion for a Preliminary Injunction, and Memorandum in Support of Defendant's Motion to Dismiss**

clause states that "The Parties agree that the Agreement shall be governed by and construed in accordance with the domestic laws of New York and that **any legal action**, suit or proceeding arising out of or related to this Agreement, or related to any services provided by Purchaser, *must* be instituted in any state or federal court within **New York**." (Plaintiff's Complaint Exhibit 1, Page 3 of 4, emphasis added) Plaintiff ignores this clause entirely.

Plaintiff's Amended Motion for a Preliminary Injunction must also be denied, as Plaintiff has failed to demonstrate the requisite circumstances necessary for the Court to consider the extraordinary remedy of a preliminary injunction.

## FACTUAL BACKGROUND

Plaintiff initiated this action, alleging breach of contract, and initially requesting that the Court issue an *ex parte* preliminary injunction. This Court correctly denied the Plaintiff's initial Motion (a copy of which has never been provided to Defendant); Plaintiff then followed up with an Amended Motion for a Preliminary Injunction. This Memorandum of law is intended both in opposition to Plaintiff's Amended Preliminary Injunction Motion, and in support of Defendant's Motion to Dismiss for *forum non conveniens*.

I.  **The Agreement's Forum-Selection clause Must Be Enforced And This Case Dismissed.**

The Agreement presented by the Plaintiff in support of its Complaint clearly and unequivocally states in a separately-titled section: **The agreement is to be Construed in Accordance with New York Law** (emphasis in original), in plain English, that: "The Parties agree that the Agreement shall be governed by and construed in accordance with the domestic laws of New York and that any legal action, suit or proceeding arising out of or related to this Agreement, or related to any services provided by Purchaser, must be instituted in any state or federal court within New York." That provision requires this Court to dismiss this case.

There is no ambiguity to the Forum-Selection Clause; the phrase "must be instituted", is not open to any reasonable interpretation other than that of compelling the parties. The term "must" ordinarily imposes a mandatory obligation. Moreover, even if there were some ambiguity to be found in the

Forum-Selection Clause - which there clearly is not - this is the Plaintiff's own self-drafted agreement, and it is therefore strictly bound by its terms.

The United States Supreme Court has held that "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). The doctrine of *forum non conveniens* allows a court to dismiss a suit on the grounds of administrative efficiency and convenience prior to addressing merits issues. See *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). "A district court ... may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem*, 549 U.S. at 432.

Federal Law governs the enforceability of the Forum-Selection Clause. "[F]orum selection clauses present procedural questions to be resolved by federal law independent of forum state policy." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1067 (11th Cir. 1987) (en banc), aff'd on other grounds, 487 U.S. 22 (1988). The en banc Eleventh Circuit has therefore held that if state law would void a forum-selection clause, but federal law would not, state law must give way to federal law, and the court must enforce the forum-selection clause. Id. at 1067, 1069-70. As explained below, the Forum-Selection Clause in Plaintiff's own Agreement must be enforced under federal law. See *Spuller*, No. 5:13-CV-806-D (E.D.N.C. Mar. 5, 2014) (order dismissing complaint because Forum Selection Loan Agreement was enforceable)

Federal case law has made clear that "[f]orum-selection clauses are presumptively valid and enforceable," *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009), and that the "burden is on the party opposing the enforcement of the forum selection clause" to show that it should not be enforced, *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Enforcing the parties' agreed choice of forum "protects their legitimate expectations and furthers vital interests of the justice system," and "a valid forum-selection clause should be given controlling weight in

all but the most exceptional cases." <u>Atl. Marine</u>, 134 S. Ct. at 581 (quotations and alteration omitted). Further, in the <u>Atlantic Marine</u> decision, the Supreme Court made clear that federal courts must enforce forum-selection clauses strictly, thereby curbing significantly the grounds that courts may rely upon to void forum-selection clauses. See id. Specifically, the Supreme Court held that where the "parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." <u>Id. at 582</u>. "As a consequence, a district court may consider arguments about public-interest factors only" when evaluating a forum-selection clause, and thus "should not consider arguments about the parties' private interests." <u>Id</u>. Those public-interest factors, which "will rarely defeat" a forum-selection clause, id., include (1) "the interest in having the trial . . . in a forum that is at home with the law"; (2) "the local interest in having localized controversies decided at home"; and (3) "the administrative difficulties" posed by each forum. <u>Id. at 581 n.6 (quotations omitted)</u>; see also <u>Membreno v. Costa Crociere S.P.A., 425 F.3d 932, 937-38 (11th Cir. 2005)</u>. Here, the public-interest factors weigh overwhelmingly in favor of enforcing the parties' Forum-Selection Clause, and accordingly this Court should dismiss Plaintiff's action.

II. **The Plaintiff Is Not Entitled To The Extraordinary Relief Of A Preliminary Injunction, And This Action Should Be Dismissed.**

It is undisputed that Rule 65 of the Federal Rules of Civil Procedure governs the issuance of preliminary injunctions. See <u>Ferrerro v. Assoc. Material, Inc., 923 F.2d 1441, 1448 (11th Cir. 1991)</u> (federal procedural law governs issuance of preliminary injunctions). Under federal law, a movant seeking a preliminary injunction must demonstrate four factors: (1) a clear likelihood of irreparable harm in the absence of an injunction, (2) a substantial likelihood of success on the merits, (3) that the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) that an injunction would not disserve the public interest. <u>Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011)</u>.

The first factor in any claim for injunctive relief is the likelihood of irreparable harm to the

plaintiff. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies", <u>Beacon Theaters v. Westover</u>, 359 U.S. 500, 507, 79 S. Ct. 948, 954 (1959). When the alleged harm is contingent upon events or factors that may not occur or are unlikely, then there is an insufficient factual basis for the exercise of the Court's injunctive power. <u>Direx Israel, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802 (4th Cir. 1991) (Plaintiff must show irreparable harm that is "neither remote nor speculative, but actual and imminent.")

Here, by contrast, Plaintiff has no evidence that would convince a reasonable trier of fact that its speculations as to what may happen in the absence of a preliminary injunction, are exactly that' speculations. Other than Plaintiff's unsupported calumnies against Defendant, there exists not a scintilla of evidence - or even of implication - that Plaintiff will suffer any irreparable harm, in the absence of a preliminary judgment.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." <u>Munaf v. Geren</u>, 128 S.Ct. 2207, 2219 (2008) (citation and quotation omitted); see also <u>Sociedad Anonima Vina Santa Rita v. U.S. Dep't of Treasury</u>, 193 F. Supp. 2d 6, 13 (D.D.C. 2001). Accordingly, the "power to issue a preliminary injunction . . . should be 'sparingly exercised,'" <u>Dorfmann v. Boozer</u>, 414 F.2d 1168, 1173 (D.C. Cir. 1969), and such an injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion," <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997).

As set forth above, to prevail in a request for a preliminary injunction, a plaintiff bears the burden of demonstrating that: (1); failure to grant the injunction would result in irreparable injury; (2) there is a substantial likelihood of success on the merits; (3) that the requested injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. <u>Katz v. Georgetown Univ.</u>, 246 F.3d 685, 687-88 (D.C. Cir. 2001) (citation omitted); <u>Nat'l Head Start Ass'n v. HHS</u>, 297 F. Supp. 2d 242, 246-47 (D.D.C. 2004) (Bates, J.). This, the Plaintiff cannot do.

The Plaintiff must satisfy, not one, two, or even three, but all four factors, and the Court must also find that the four factors, taken together, justify the drastic intervention of a preliminary injunction.

See *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995). Moreover, if a plaintiff has little likelihood of succeeding on the merits of his claim, the Court need not address the other factors. *Apotex, Inc. v. FDA*, 449 F.3d 1249, 1253-54 (D.C. Cir. 2006). As set forth below, plaintiff fails to establish a likelihood of success on the merits, and cannot show that the balance of interests of the public interest favor the entry of extraordinary injunctive relief.

Plaintiff has filed a complaint, which relies upon a purported Agreement between the parties, which Plaintiff complains that Defendant is in breach of. The problem with the Plaintiff's logic, is that Plaintiff, by submitting its complaint in a Federal Court, which its own agreement states is an improper venue, has shown its willingness to disregard the very Agreement which it now asks the Court to protect, by issuance of the extraordinary relief of a preliminary injunction.

Given the Plaintiff's reliance upon an Agreement, the terms of which, it itself demonstrates a disregard for, and the existence of the Agreement's Forum-Selection Clause as set forth above, the Plaintiff cannot demonstrate a clear likelihood of succeeding on the merits in the case herein.

Additionally, to succeed on the merits, Plaintiff must (1) demonstrate that Defendant breached the Agreement, (2) demonstrate that there are covenants contained therein that are enforceable, and (3) defeat any affirmative defenses raised by the Defendant.

First, this Court must determine whether Defendant has breached the Agreement. Plaintiff cannot demonstrate that Defendant breached the Agreement because Defendant is not engaging in any conduct that the Agreement prohibits.

Second, Plaintiff must demonstrate that any covenants in the Agreement are reasonably necessary to protect a legitimate business interest. § 542.335. A legitimate business interest may include trade secrets; valuable confidential information; substantial customer relationships; goodwill; or extraordinary or specialized training. There are no covenants at issue here reasonably necessary to protect any of Plaintiff's alleged legitimate business interests, if such interests exist in the first place.

Finally, Plaintiff does not have a substantial likelihood of success because Plaintiff cannot overcome Defendant's responsive Motion to Dismiss for *forum non conveniens*, whish is - essentially -

an affirmative defense. *Metro-Goldwyn-Mayer, Inc. v. Showcase Atlanta Co-op Productions, Inc.*, 479 F.Supp. 351, (N.D. Ga. 1979), citing *Canal Authority v. Callaway*, 489 F.2d 567 (5th Cir. 1974) ("On a motion for preliminary injunction, Plaintiffs must demonstrate a likelihood of success on the merits at trial as to asserted affirmative defenses, as well as to the elements of Plaintiffs' prima facie case.").

The four elements or standards for a grant of a preliminary injunction must be weighed together by a court when ruling upon a motion for a preliminary injunction. However, since the Plaintiff cannot make the requisite showing that the irreparable harm is likely, nor that it is likely to prevail on the merits, the Court's consideration of the other elements would be pointless. Based upon the decision in the case of *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375 (2008), a preliminary injunction will not be issued simply to prevent the possibility of some future injury.

> "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction. * * * Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 555 U.S. at 22, 129 S.Ct. at 375 (citations omitted).

For this reason, the Defendant should not need to even argue, and the District Court should not even need to consider, the weight to be given to the other elements for issuance of an injunction. In the clear absence of any evidence or incidence of actual harm, or a showing of a likelihood of its prevailing on the merits, the Plaintiff is not entitled to any injunctive relief; in the matter at hand, the Plaintiff is not entitled to injunctive relief if it has not substantially overcome each of these barriers to success on the merits, which it has not.

At the same time, it is worth noting however, that the public-interest factors which weigh in favor of enforcing the parties' Forum-Selection Clause, would also - by contrast - undercut the "public interest' test for the issuance of a preliminary injunction, and that the attached Declaration of David Lawrence Preim, clearly sets forth the information that the requested injunction would - in fact - substantially injure other parties.

Therefore, Defendant hereby requests that this Court issue Orders:

1. Denying and Dismissing Plaintiff's amended Motion for a Preliminary Injunction;

2. Granting Defendant's Motion to Dismiss for Forum Non Conveniens;

3. Ordering that this case be dismissed; and

4. Awarding Defendant his reasonable costs, fees, and disbursements incurred herein.

RESPECTFULLY SUBMITTED, this 30 day of November, 2017.

_____
David Lawrence Preim, Defendant Pro Se