**W. Terry Scannell**, OSB No. 85322
Email: terry@scannellaw.com
7128 SW Gonzaga St. #220
Portland, Oregon 97223
Telephone: (503) 776-0806
    Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CLASSIC BUSINESS GROUP,** a New York Limited Liability Company, dba **OMNI MOTORS,**<br><br>    Plaintiff,<br><br>    v.<br><br>**DAVID PREIM,** an individual**,**<br><br>    Defendant. | Civil No. 3:17-CV-01710-SI<br><br>PLAINTIFF'S SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT<br><br>ORAL ARGUMENT REQUESTED |

## I.    CERTIFICATE OF COMPLIANCE WITH LR 7-1

Conferral with opposing party was not required as the Court set the dates for filing of this motion, the response, the reply, and subsequent hearing in open court on December 15, 2017 before both parties. Counsel for the Plaintiff hereby represents to the Court that he informed and served the Defendant via first class mail and electronic mail per order of the court.

//

//

PAGE 1    PLAINTIFF'S SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

## II.     MOTION

Pursuant to Federal Rule of Civil Procedure 64 and New York Consolidated Law Article 62 (6201-6226), along with the Certified Complaint filed in this matter, the Memorandum of Law filed with the Court along with this Motion, the Plaintiff, by and through its attorney, moves this Court to issue a Writ of Attachment to secure the funds in dispute in this matter in order to preserve them.  In the alternative, Plaintiff reasserts its Motion for Preliminary Injunction previously filed with the Court.

1.     The Plaintiff filed its Complaint on October 26, 2017. The Motion for Temporary Restraining Order and Preliminary Injunction with supporting brief and attached Declarations was filed on October 26, 2017. The request for a Temporary Restraining Order was denied based primarily on the lack of evidence that Defendant would hide the funds. Since that time, the Plaintiff has determined that the Defendant has nearly $1,000,000.00 dollars in Judgments against him and owns no real property in the State of Oregon.  Other than the funds at question in this matter, it is presumed that Defendant would not have enough money to satisfy any judgment against him in this case.  As mentioned in Paragraph 3 below, Defendant has admitted in open court to planning on using the funds in dispute to pay for his defense.

2.     Plaintiff filed an Amended Motion for a Preliminary Injunction on November 10, 2017. A hearing on the Amended Motion for Preliminary Injunction was held before the Honorable Michael Simon on December 15, 2017.  The motion was denied based on Plaintiff not meeting all parts of the four-part test for a preliminary injunction as stated in *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

PAGE 2     PLAINTIFF'S SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone:  (503) 776-0806

3. At the same time, Defendant admitted in open court to not completing the transaction, and not promptly returning the funds at issue to Plaintiff. When specifically asked by the Court if he would return the funds, or in the alternative to place the funds in trust with the Court, Defendant refused. The Court granted Plaintiff leave to file this Second Amended Motion for a Preliminary Injunction and Motion for Writ of Attachment, time for the Defendant to respond, and set a hearing on the Motion for March 6, 2017.

4. As indicated in the Motion for a Writ of Attachment and supporting brief and, further in the other filed documents in the case, immediate and irreparable injury, loss and damage will result to Plaintiff if a Writ of Attachment, or Preliminary Injunction is not issued.

//
//
//
//
//
//
//
//
//
//
//
//
//

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

**WHEREFORE**, Plaintiff moves the Court to issue a Writ of Attachment, attaching:

(1)　The funds in this dispute, or any other funds of the Defendant's, up to $105,570; or

(2)　Should it be shown that Defendant owns any real property, any real property up to a value of $105,570; and

(3)　Any other ruling or relief the Court deems just.

Alternatively, Plaintiff moves the Court to issue a Preliminary Injunction preventing;

(1)　Defendant from the transfer, alienation, movement, or personal use of any of the funds at issue in this case up to $105,570 for the pendency of this action;

(2)　Any financial institution that holds all or part of the funds at issue from transferring, alienating, or otherwise moving up to $105,570 of the funds at issue in this case for the pendency of this action;

(3)　Setting a reasonable bond amount while the Preliminary Injunction remains in place; and

(4)　Any other ruling or relief the Court deems just.

**DATED:**  December 29, 2017 .

/s/ Terry Scannell
Terry Scannell (OSB #853220)
7128 SW Gonzaga St., Ste. 220
Portland, Oregon 97223
Tel: (503) 776-0806
E-mail: terry@scannelllaw.com
Attorney for Plaintiff

PAGE 4　PLAINTIFF'S SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone:  (503) 776-0806

# CERTIFICATE OF SERVICE

       I hereby certify that the foregoing PLAINTIFF'S MOTION FOR A WRIT OF ATTACHMENT was filed electronically using the Court's Electronic Filing System (CM/ECF) and the following was served via email notification from the court, via email to Defendant at Defendant's known email address, and via first class mail to Defendant at the following address:

David Preim
25660 Kimberly Drive
West Linn, OR 97068-4576


       DATED this 29th day of December.

       /s/ Terry Scannell
       Terry Scannell, OSB #853220
       Email: terry@scannellaw.com
       7128 SW Gonzaga St., Suite 220
       Portland, Oregon 97223
       Telephone: (503) 776-0806
       Facsimile: (503) 296-5349
       Attorney for Plaintiff

PAGE 5    PLAINTIFF'S SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

**W. Terry Scannell**, OSB No. 85322
Email: terry@scannellaw.com
7128 SW Gonzaga St. #220
Portland, Oregon 97223
Telephone: (503) 776-0806
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CLASSIC BUSINESS GROUP,** a New York Limited Liability Company, dba **OMNI MOTORS,**<br><br>    Plaintiff,<br><br>    v.<br><br>**DAVID PREIM,** an individual**,**<br><br>    Defendant. | Civil No. 3:17-CV-01710-SI<br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT |

## I.    INTRODUCTION

This action stems from the Defendant's conversion of the Plaintiff's funds in the amount of $105,570 as part of a business contract.

## II.    KEY FACTS

This is a contract dispute case. The facts as alleged by Plaintiff, are as follows:

- Plaintiff hired defendant to purchase a 2017 Range Rover on Plaintiff's behalf from Desert European Motorcars. *Plaintiff's Complaint*, Ex. 2.

PAGE 1    PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

- Plaintiff wrote a cashier's check drawn on its account in the amount of $105,570, paid to the order of Desert European Motorcars. Such funds were paid as intended. *Plaintiff's Complaint*, Ex. 3.

- However, Defendant was unable to purchase the vehicle on behalf of Plaintiff. *Plaintiff's Complaint*, ¶ 14.

- Defendant obtained a refund of the $105,570 from Desert European Motorcars but has failed to return the money to Plaintiff. *Plaintiff's Complaint*, ¶ 15.

- Plaintiff filed this action and an Amended Motion for Preliminary Injunction. *Plaintiff's Complaint*, filed October 26, 2017. *Plaintiff's Amended Motion for Preliminary Injunction*, filed November 10, 2017.

- Defendant currently has nearly $1,000,000.00 in Judgments against him, and does not appear to own any real property in the state of Oregon.

- At a hearing on Plaintiff's Amended Motion for Preliminary Injunction held before this court on December 15, 2017, Plaintiff's motion was denied with leave to file the accompanying Motion for a Writ of Attachment by December 29, 2017. Defendant was given until February 15, 2017 to file a response to the Motion for a Writ of Attachment, Plaintiff was given until March 1, 2017 to file a reply, and a hearing on the motion was scheduled for March 6, 2017 at 2:00 PM.

- At the December 15, 2017 hearing, Defendant admitted on the record in open court to having not completed the action, having received the funds from Desert European Motorcars, and further refused to return the funds or in the alternative place the funds in trust with the Court pending the outcome of this matter.

PAGE 2     PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

### III. PRIMARY LEGAL THEORIES

Plaintiff has brought a Complaint that contains five common law legal theories. These are as follows: breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and for the imposition of a constructive trust on the funds. Plaintiff is seeking a Writ of Attachment to preserve the funds pending litigation of the matter, or in the alternative a Preliminary Injunction to freeze and hold the $105,570 at issue.

Unless the Court issues a Writ of Attachment or Preliminary Injunction for the pendency of this case, there is an inherent risk to the Defendant to convert and deplete Plaintiff's funds. The Defendant has clearly stated on the record in open court, and in filings with the court, that he plans to not return the funds and directly use them to fund his defense in this matter, defense in other potential matters, and to directly pay for living expenses with the funds.

### IV. LEGAL STANDARD

A. Writ of Attachment & Choice of Law

Under FRCP 64(a) "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment is available to a federal court litigant, including attachment and garnishment." *L.C. v. Gilbert,* No. C09-5586BHS, 2010 WL 2650603, at *1 (W.D. Wash. June 30, 2010) and *EBSCO Industries, Inc. v. Lilly*, 840 F.2d 333, 334 (1988). In this matter, the contract has a forum-selection clause, and a choice of law clause for the state of New York that applies to all disputes. At hearing on December 15, 2017, Defendant and Plaintiff mutually decided to waive the forum-selection clause and litigate this matter in the District of Oregon. Plaintiff has not waived the choice of law clause and chooses to proceed under New York law per the terms of the contract.

PAGE 3　　PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

B. Applicable New York Law

The applicable section of New York law is Section 6201 (1-3) that provides for the grounds of attachment in New York in this matter reads as follows: "[a]n order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled ... to a money judgment against one or more defendants, when:

> (1) the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
>
> (2) the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or
>
> (3) the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; *BSH Hausgerate, GmbH v. Kamhi*, No. 17 CIV. 5776, 2017 WL 4712226, at *2 (S.D.N.Y. Oct. 18, 2017).

Further, "Any debt or property against which a money judgment may be enforced…is subject to attachment." *Capital Ventures Int'l v. Republic of Arg.*, 443 F.3d 214, 219 (2d Cir. 2006) (quoting N.Y. CPLR § 6201). In order for a court to issue a writ of attachment in New York, the plaintiff must "show, by affidavit and such other written evidence as may be submitted, …that it is probable that the plaintiff will succeed on the merits." *Genger v. Genger*, 152 A.D.3d 444, 444-45, 55 N.Y.S.3d 658, 659 (N.Y. App. Div. 2017) (internal quotations omitted) (quoting CPLR 6201). Additionally, the court must look to the purpose of the attachment and decide if the attachment "is needed to secure payment or obtain jurisdiction, and it retains discretion only to the extent that these determinations require weighing of evidence and also balancing competing considerations." *Mishcon de Reya N.Y. LLP v. Grail Semiconductor, Inc.*, No. 11 Civ.

PAGE 4     PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

4971 (RJH), 2011 WL 6957595, at *3 (S.D.N.Y. Dec. 28, 2011) (internal quotation marks omitted) (quoting *Capital Ventures Int'l*, 443 F.3d at 221).

Ultimately, even if the plaintiff can show that the case fits the statutory requirements for attachment, the granting of a writ of attachment under New York law lies solely within the discretion of the court. See, *J.V.W. Investment Ltd. v. Kelleher*, 2007, 41 A.D.3d 233, 234, 837 N.Y.S.2d 650, 651 (1st Dep't). "[W]hether the exigencies of the case are such as to require that the remedy shall be granted must be determined by the Supreme Court." *Sartwell v. Field*, 1877, 68 N.Y.341, 342.

## V. LEGAL ANALYSIS & ARGUMENT

This matter is a straightforward action for the unlawful conversion of Plaintiff's funds by the Defendant. Section 6201 of New York law provides that an order of attachment may be granted, "in *any* action, except a matrimonial action, where the plaintiff has demanded and would be entitled … to a *money judgment* against one or more defendants, when..." given the Defendant meets one of the specific requirements as outlined below. *N.Y. CPLR § 6201* (emphasis added). This matter is not a matrimonial action, and thus falls under the definition of any action, and Plaintiff is specifically seeking a money judgment against Defendant.

The statute provides for five situations where a writ of attachment can be issued should one of the requirements be met. In the case at hand, a writ may be issued under either Section 6201(1) or 6201(3). Section 6201(1) allows for the issuance of an attachment when the defendant does not reside within the state of New York. That is the case here as the Defendant resides in Oregon and not New York.

PAGE 5    PLAINTIFF'S MEMORANDUM IN SUPPORT OF
         ITS MOTION FOR A PRELIMINARY
         INJUNCTION AND MOTION FOR WRIT OF
         ATTACHMENT

Terry Scannell
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

Under 6201(3), a writ may be issued if "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state *or is about to do any of these acts*." N.Y. CPLR § 6201(3) (emphasis added). The Defendant by withholding the Plaintiff's funds in contravention of the contract specifically intends to defraud the Plaintiff. He is willfully frustrating the purposes of the contract, and ultimately the enforcement of any judgment that Plaintiff might receive in this matter. He has specifically admitted in open court and in filings before this court that he will not return the money to Plaintiff, despite being aware that it is Plaintiff's funds. He has stated that he plans on using the money to help fund his legal defense in this matter and in other potential matters, which clearly shows that he "is about to do any of these acts" contemplated by the statute. He plans on disposing of the funds deliberately prior to trial. *Declaration of David Lawrence Preim*, ¶ 5 and *Statements at Oral Hearing*, December 15, 2017. Thus, the need for a writ of attachment.

According to the standard stated in *Genger*, cited above, the Plaintiff must show that it is probable that the Plaintiff will succeed on the merits. This court has already ruled that it is likely that the Plaintiff will succeed on the merits. Judge Hernandez in his opinion denying Plaintiff's Motion for Temporary Restraining Order states, "At the very least, Defendant's continued failure to return the $105,570 'promptly' upon learning the Range Rover could not be purchased appears to violate the parties' agreement." *Order*, p. 4, ¶ 1, lns. 1-3. Therefore, there is a high likelihood that Plaintiff will prevail on the merits.

Similarly, according to the standard in *Mischon de Reya N.Y. LLP*, cited above, the purpose of this attachment is "needed to secure payment." *Id.* Given that the Defendant does not

PAGE 6   PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

own real property in Oregon, has nearly $1,000,000.00 in outstanding judgments against him, and has stated that he plans on using Plaintiff's funds, it is clear that an attachment is needed to secure payment. *Declaration of Mark Ososke,* ¶s 4-5 and *Declaration of Terry Scannell*, ¶s 3-12. If an attachment is not granted, Plaintiff is concerned, and legitimately so given Defendant's economic situation, that Defendant will be judgment proof. Thus, a writ of attachment should be granted.

Finally, in the absence of issuing a writ of attachment, Plaintiff again moves the court to issue a preliminary injunction. "A district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994). With no interest in real property in the state of Oregon, nearly $1,000,000.00 in outstanding judgments, and the direct declarations and admissions of Defendant that he intended to use the funds at controversy in this matter, Plaintiff believes that if neither a writ of attachment nor a preliminary injunction is issued, then the Defendant will make himself judgment proof and Plaintiff will never be able to recover the money that was rightfully theirs all along. This Court, under *In re Estate of Ferdinand Marcos*, has the power to ensure that justice will ultimately be served by issuing either the writ or the preliminary injunction.

## VI. CONCLUSION

For the reasons stated in this Memorandum, along with the Complaint, accompanying Declarations, and the accompanying Motion for a Writ of Attachment, Plaintiff asks that the Court issue a Writ of Attachment, attaching the $105,570 in controversy in this matter,

PAGE 7    PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806

preventing Defendant from alienating the funds during the pendency of this case, and directing any financial institution with which the funds may have been deposited to hold any part of, and up to, $105,570 of said money.  The money should be paid in to the court and Plaintiff will pay an appropriate bond if required.

**DATED:**  December 29, 2017 .

/s/ Terry Scannell  
Terry Scannell (OSB #853220)  
7128 SW Gonzaga St., Ste. 220  
Portland, Oregon 97223  
Tel: (503) 776-0806  
E-mail: terry@scannellaw.com  
Attorney for Plaintiff

PAGE 8   PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**  
Attorney at Law  
7128 SW Gonzaga Suite 220  
Portland, Oregon 97223  
Telephone:  (503) 776-0806

# CERTIFICATE OF SERVICE

   I hereby certify that the foregoing PLAINTIFF'S MOTION FOR A WARRANT OF ATTACHMENT was filed electronically using the Court's Electronic Filing System (CM/ECF) and the following was served via email notification from the court, via email to Defendant at Defendant's known email address, and via first class mail to Defendant at the following address:

David Preim
25660 Kimberly Drive
West Linn, OR 97068-4576


   DATED this 29th day of December.

                   /s/ Terry Scannell
                   Terry Scannell, OSB #853220
                   Email: terry@scannellaw.com
                   7128 SW Gonzaga St., Suite 220
                   Portland, Oregon 97223
                   Telephone: (503) 776-0806
                   Facsimile: (503) 296-5349
                   Attorney for Plaintiff

PAGE 9   PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR WRIT OF ATTACHMENT

**Terry Scannell**
Attorney at Law
7128 SW Gonzaga Suite 220
Portland, Oregon 97223
Telephone: (503) 776-0806