Defendant Pro Se

David Preim
25660 Kimberly Drive
West Linn, Oregon 97068-4576
Telephone: (503) 387-5201

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| CLASSIC BUSINESS GROUP, a New York limited liability company, dba OMNI MOTORS, | Civil Action No. 3:17-cv-01710-SI |
|---|---|
| Plaintiff, | DEFENDANT'S ANSWER, WITH AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS |
| vs. | (Breach of Contract and Breach of the Implied Covenant of Good Faith; Fraud and Conspiracy to Defraud; Intentional Infliction of Emotional Distress) |
| DAVID LAWRENCE PREIM, | |
| Defendant. | |

COMES NOW, Defendant David Lawrence Preim ("Defendant"), appearing pro se herein, and in answer and response to the Complaint presented herein by Plaintiff, alleges and avers to the Court as follows:

1.

Defendant admits the allegations of Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint.

3.

Paragraph 3 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Paragraph 3 further purports to introduce heresay without laying a proper foundation for the same; Defendant therefore denies the multiple, compound and conclusory allegations of Paragraph 3.

**Page -1- Defendant's Answer, with Affirmative Defenses, and Counterclaims**

4.

Defendant admits the allegations of Paragraphs 4 through 10 inclusive of Plaintiff's Complaint.

5.

Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

6.

Defendant admits the allegations of Paragraphs 12 through 14 inclusive of Plaintiff's Complaint.

7.

Defendant denies the allegations of Paragraph 15 of Plaintiff's Complaint, based upon a lack of specificity; technically, a ten-year period is a matter of "days" - approximately 3,652 of them.

8.

Paragraph 16 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendant therefore denies the multiple, compound and conclusory allegations of Paragraph 16.

9.

Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint.

10.

Paragraph 18 of Plaintiff's Complaint requires no response from Defendant.

11.

Defendant admits the allegations of Paragraphs 19 and 20 of Plaintiff's Complaint.

12.

Defendant denies the allegations of Paragraphs 21 through 24 inclusive of Plaintiff's Complaint.

13.

Paragraph 25 of Plaintiff's Complaint requires no response from Defendant.

14.

Defendant admits the allegations of Paragraphs 26 and 27 of Plaintiff's Complaint.

15.

Defendant denies the allegations of Paragraphs 28 and 29 of Plaintiff's Complaint.

16.

Paragraph 30 of Plaintiff's Complaint requires no response from Defendant.

17.

Defendant denies the allegations of Paragraphs 31 through 33 inclusive of Plaintiff's Complaint.

18.

Paragraph 34 of Plaintiff's Complaint requires no response from Defendant.

19.

Defendant denies the allegations of Paragraphs 35 through 37 inclusive of Plaintiff's Complaint.

20.

Paragraphs 38 and 39 of Plaintiff's Complaint requires no response from Defendant.

21.

Defendant admits the allegations of Paragraph 40 of Plaintiff's Complaint.

22.

Defendant denies the allegations of Paragraphs 41 and 42 of Plaintiff's Complaint.

23.

Paragraph 43 of Plaintiff's Complaint requires no response from Defendant.

### AND FOR A FIRST AFFIRMATIVE DEFENSE:

**Unclean Hands**

24.

The Plaintiff's claims against Defendant, are barred, in whole or in part, by the common-law legal doctrine of unclean hands. Plaintiff is attempting to benefit from its wrongdoing; Plaintiff however, through its actions as will be fully set forth at trial, has breached the clean hands requirement, and its wrongful and illegal conduct, accordingly precludes Plaintiff from seeking to invoke this court's equitable jurisdiction.

/ / / / /

## AND FOR A SECOND AFFIRMATIVE DEFENSE:
**Fraud**

25.

All or part of the actions or omissions alleged to have caused Plaintiff's claimed injuries, resulted from fraud, deceit and/or misrepresentation by Plaintiff, as is set forth below, and as will be more fully set forth at trial.

## AND FOR A THIRD AFFIRMATIVE DEFENSE:
**Assumption of Risk**

26.

Assuming, solely for the sake of argument, that there was a compensable injury which occurred to Plaintiff, Plaintiff knew about the risk, and voluntarily undertook the risk that led to the damages complained of in this case. Plaintiff therefore knowingly and voluntarily assumed any and all risks at issue in this case, and such assumption of the risk bars in whole or in part the damages Plaintiff seeks to recover herein.

## AND FOR A FOURTH AFFIRMATIVE DEFENSE:
**Plaintiff's Comparative Fault**

27.

Plaintiff was at fault in how it conducted its business affairs, prior to and relative to the incident described in its Complaint. Such fault caused, or materially contributed to the damages complained of in Plaintiff's Complaint. At all times material herein, the Plaintiff was negligent, careless, and at fault, and conducted itself so as to contribute substantially to its alleged injuries and damages. Such negligence, carelessness, and fault of Plaintiff, bars in whole or in part the damages which Plaintiff seeks to recover herein.

/ / / / /

## AND FOR A FIFTH AFFIRMATIVE DEFENSE:
**Consent by Plaintiff**

28.

Based upon the actions which form the basis for the claims set forth in the Complaint, and as will be more completely demonstrated at trial, Plaintiff agreed to, and participated in, those actions which Plaintiff now claims to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, Plaintiff's claims are invalid, and Plaintiff may not now seek redress from this Court.

## AND FOR A SIXTH AFFIRMATIVE DEFENSE:
**Failure to State a Cause of Action**

29.

Taken as a whole, the Plaintiff's Complaint simply fails to state sufficient facts to sustain a cause of action against Defendant, and is therefore legally deficient on its face.

## AND FOR HIS COUNTERCLAIMS:
**Allegations Common to All Counterclaims**

30.

At the time of entering into the Agreement referenced in Paragraph 5 of Plaintiff's Complaint, Plaintiff represented to Defendant - as it has to this Court - that the activities covered under the agreement were legal and lawful under applicable Oregon state - as well as Federal - statutes, laws and administrative rules.

31.

Omitted from the Plaintiff's complaint, is the fact that the transaction contemplated by the "Car Fund Agreement" referenced in Paragraph 12 of Plaintiff's Complaint, was actually the second transaction to be conducted by Defendant on Plaintiff's behest and behalf.

32.

On or About September 12, 2017, Plaintiff had remitted directly to Defendant, a cashier's check in the sum of $79,853, paid to the order of Mercedes-Benz of Beaverton, for the purchase of a 2018 Mercedes automobile.

33.

The Defendant, timely paid over the cashier's check to Mercedes-Benz of Beaverton, took delivery of a 2018 Mercedes, and timely delivered the same along with all purchase paperwork, over to Plaintiff's representatives.

34.

At the time of executing the documents necessary to complete the purchase of the vehicle from Mercedes-Benz of Beaverton, Defendant signed numerous sub-agreements and covenants. Upon information and belief, included in these documents, was a document entitled "Acknowledgment of Export Policy", or something essentially similar.

35.

The said Acknowledgment of Export Policy - in essence - obligates the purchaser to reimburse the manufacturer and/or the retailer of the vehicle, a sum in the tens of thousands of dollars as liquidated damages, in the event that the vehicle is removed from the sales territory of the manufacturer within the first year of ownership.

36.

Defendant first became aware of the likely existence of this Acknowledgment of Export Policy, was when he was presented with a copy of one, as a separate, post agreement document, after the $105,570 cashier's check had already been sent by Plaintiff, via FedEx, to the dealership referenced in Paragraph 13 of the Plaintiff's Complaint. At that point, Defendant had gone to the dealership with the expectation of completing the transaction and obtaining the vehicle which - again - had already been paid for, and payment accepted, when he was informed that he would need to sign this additional document, in order to take delivery of the vehicle. A true copy of the Acknowledgment is attached

**Page -6- Defendant's Answer, with Affirmative Defenses, and Counterclaims**

hereto as Defendant's Exhibit "A" and by reference incorporated fully herein.

37.

When Defendant quite naturally refused to sign this post-agreement "Acknowledgment" document which would - in essence - indebt him to the sum of $25,000, the auto dealership refused to deliver the vehicle, and also refused - or were unable - to return the purchase funds to Defendant at that time.

38.

Defendant then was required to engage in a lengthy arbitration process - on Plaintiff's behest and behalf - to determine whether or not the transaction had been legally consummated, and Defendant was therefore entitled to possession of the vehicle without being required to execute the Acknowledgment. During this period, the auto dealership kept possession of the purchase funds, a fact of which the Plaintiff was aware and to which it acquiesced.

39.

Despite this knowledge and acquiescence, Plaintiff - by and through its principals - began to harass and implicitly threaten the Defendant, as well as his family, as will be more set forth at trial. A copy of a text message received from one of Plaintiff's principals, naming - and by implication, threatening - Defendant's individual family members, is attached hereto as Defendant's Exhibit "B" and by reference incorporated fully herein.

40.

Defendant, at this point, thought it prudent to seek legal counsel, and learned - for the first time - that it was likely that the first vehicle transaction had also contained an Acknowledgment of Export Policy, possibly not set off as a separate document, which may have already obligated him to tens of thousands of dollars in damages.

41.

Defendant also learned for the first time, that the actions which he had agreed to perform for Plaintiff, likely violated both Federal and Oregon laws regarding the registration and exportation of

motor vehicles, and that his prior performance of these actions may well have subjected him to significant civil - and even criminal - penalties.

42.

Plaintiff, for its part, was aware of the illegal nature of the actions which it had contracted Defendant to perform on its behalf, as well as of the nature and existence of the Acknowledgment of Export Policy documents as being a normal part of the purchase of the higher-end automobiles sought by Plaintiff. Plaintiff, for it part, concealed this relevant information from Defendant for its own purposes and beneift and to the detriment of Defendant.

**AND FOR A FIRST COUNTERCLAIM FOR RELIEF:**

**Breach of Contract and Breach of the Implied Covenant of Good Faith**

43.

Defendant and Counterclaim Plaintiff ("Defendant") repleads and realleges the allegations made in Paragraphs 24 through 42 inclusive hereinabove, and incorporates the same herein as though fully set forth below.

44.

Defendant alleges that in every contract, in additon to the explicit terms as may be set forth therein, there is an implied covenant of good faith and fair dealing which provides that the parties to said agreement will faithfully follow the terms and provisions required by the contact. Plaintiff, by its actions as set forth above, intentionally, knowingly and wilfully breached both the agreement between the parties, as well as this implied covenant of good faith.

45.

Plaintiff is therefore in material breach of the Agreement and is also in material breach of the implied covenant of good faith and fair dealing. Defendant is therefore entitled to a judgment and money award in his favor and against Plaintiff in the sum of $100,000, or such other amounts as may be determined at trial for such breach.

## AND FOR A SECOND COUNTERCLAIM FOR RELIEF:
**Fraud and Conspiracy to Defraud**

46.

Defendant's Second Counterclaim for Relief is alleged herein in the alternative to and without waiving the allegations of his First Counterclaim for Relief. Defendant realleges and incorporates herein Paragraphs 24 through 42 hereinabove as though fully set forth herein.

47.

Despite the Plaintiff's foreknowledge that it was therefore participating in an illegal and fraudulent activity and conspiracy, and further despite the Defendant's lack of knowledge that he was assisting Plaintiff in illegal and fraudulent activity, as set forth above, Plaintiff knowingly and with malice aforethought and scienter, did engage in an active and still-ongoing conspiracy to conduct illegal and fraudulent activity.

48.

The conduct of Plaintiff as set forth hereinabove, was illegal, improper, outrageous and conducted against the peace and dignity of the statutes and public interest of the State of Oregon. Additionally, the fraudulent conduct of Plaintiff as set forth hereinabove was illegal, improper, and outrageous and was so aggravated and egregious that Defendant should be entitled to relief in the form of a Judgment and Money Award in his favor, and against Plaintiff, in the reasonable sum of $100,000, or such other reasonable sum as may be proven at trial.

## AND FOR A THIRD COUNTERCLAIM FOR RELIEF:
**Intentional Infliction of Emotional Distress**

49.

Defendant'S Third Counterclaim for Relief is alleged herein in addition to and without waiving the allegations of his First or Second Claims for Relief. Plaintiff repleads and realleges the allegations made in Paragraphs 1 through 14 and 18 through 24 inclusive hereinabove, and incorporates the same

herein as though fully set forth below.

50.

The pre-litigation actions and threats, and intimidation conducted against Defendant by Plaintiff, by and through its principals, were intentional and malicious, said actions were extreme and outrageous, and said actions caused and were intended to cause extreme emotional distress and suffering to Defendant, to damage his personal and professional standing and reputation, and in general, to disrupt Defendant's normal life to the greatest extent possible.

51.

The tort of intentional infliction of emotional distress has four basic elements:

(1) the defendant must act intentionally or recklessly;

(2) the defendant's conduct must be extreme and outrageous; and

(3) the conduct must be the cause

(4) of severe emotional distress. *Hyatt*, 943 S.W.2d at 297.

52.

The conduct ascribed and attributed to Plaintiff by and through its principals meet all four necessary criteria for a tort claim of Intentional Infliction of Emotional Distress.

53.

As a direct, proximate and foreseeable result of the actions of Plaintiff, by and through its principals as described above, Defendant is entitled to a money award against Plaintiff in the sum of $100,000, or such other reasonable sums as may be proven at trial, for intentional infliction of emotional distress.

/////
/////
/////
/////
/////

WHEREFORE, Defendant and Counterclaim Plaintiff David Lawrence Preim requests judgment herein as follows:

1. That Plaintiff shall take nothing on its Claims against Defendant; and

2. For a money award in his favor and against Plaintiff in the sum of $100,000, or such other reasonable sums as may be shown at trial for general damages for breach of contract and breach of the implied covenant of good faith; and

3. For a money award in his favor and against Plaintiff in the sum of $100,000, or such other reasonable sums as may be proven at trial, for fraud and conspiracy to defraud; and

4. For a money award in his favor and against Plaintiff in the sum of $100,000, or such other reasonable sums as may be proven at trial, for intintional infliction of emotional distress; and

5. For a money award in his favor and against Plaintiff for his reasonably-incurred costs, fees and disbursements herein, including reasonable attorney fees at trial, if any; and

6. For such other relief as the Court may deem appropriate under the circumstances.

Dated, this 12 day of January, 2018.

_____
David Lawrence Preim

# TRUE COPY CERTIFICATE/CERTIFICATE OF MAILING

STATE OF OREGON )
) ss.
County of Clackamas )

I HEREBY CERTIFY that I have prepared the foregoing copy of my *Defendant's Answer, with Affirmative Defenses, and Counterclaims*, and *Defendant's Response and Objections to Plaintiff's Motion for a Preliminary Injunction*, and that I have carefully compared the same with the originals thereof; and that each such copy is a true and correct copy of the original thereof and of the whole thereof.

*David Lawrence Preim* - Defendant Pro Se

Date: 1/12/2018

I HEREBY CERTIFY that I served the attached: *Defendant's Answer, with Affirmative Defenses, and Counterclaims*, on the respective parties and/or attorneys for parties whose names and addresses appear below, which, as to each such party or attorney, is the regular office address, or the address last given on a paper filed by him/her in the above entitled cause and served on me, on the date hereinabove indicated, by depositing in the Post Office at West Linn, Oregon, true copies of said documents, certified by me to be such, addressed to said party or attorney at said address, or by facsimile transmission to the facsimile number which said party or attorney maintains for the regular conduct of business.

David Lawrence Preim - Defendant Pro Se
25660 Kimberly Drive
West Linn, Oregon 97068-4576
Telephone: (503) 387-5201

Terry Scannell, Esq.
7128 SW Gonzaga Street, # 220
Portland, Oregon 97223
Facsimile: (503) 296-5349
*terry@scannelllaw.com*

Attorney for Plaintiff

**Page -solo- True Copy Certificate/Certificate of Mailing**